UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARBARA J. METCALF,

                Plaintiff,

v.                                                                                              7:15-CV-1212
                                                                                        (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                            OF COUNSEL:

OLINSKY LAW GROUP                                              HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
300 S. State St., Ste. 420
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.                           PETER W. JEWETT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

       This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).  (Dkt. No. 15.)  This case has proceeded in accordance with General Order 18.

       Currently before the Court, in this Social Security action filed by Barbara J. Metcalf ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 11, 14.) For the reasons set forth below, it is recommended that Plaintiff's motion be granted, in the extent it seeks remand under Sentence Four of 42 U.S.C. § 405(g), and Defendant's motion is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was 47 at the time of the hearing. (T. 356.) She received a GED diploma. (T. 357.) Generally, Plaintiff's alleged disability consists of cervical and lumbar impairments and Rynaud's disease. (T. 533.) Her alleged onset date is July 3, 2012. (T. 52.) She has no past relevant work.

### B. Procedural History

On June 15, 2011, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 52.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 5, 2012, Plaintiff appeared before the ALJ, Marie Greener. (T. 28-51.) On July 16, 2012, ALJ Greener issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 14-27.) On August 16, 2013, the Appeals Council ("AC") denied Plaintiff's request for review. (T. 1-5.) Thereafter, Plaintiff timely sought judicial review in this Court. (No. 7:13-CV-1236.) On April 23, 2014, this Court remanded based on a stipulation of the parties. (T. 401-405.) The AC remanded the matter in accordance with this Court's order on December 2, 2014. (T. 406-410.) On July 20, 2015, Plaintiff appeared before ALJ Greener. (T. 350-373.) On August 4, 2015, ALJ Greener issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 319-341.) Plaintiff did not file written exceptions with the AC,

nor did the AC assume jurisdiction; therefore, the August 4, 2015 decision became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1484(d). Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 324-334.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 15, 2011. (T. 324.) Second, the ALJ found that Plaintiff had the severe impairments of cervical and lumbar degenerative disc disease and chronic right shoulder pain. (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 329.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of sedentary work. (*Id.*) The ALJ determined that Plaintiff could lift/carry "about" ten pounds "occasionally/frequently" and sit six hours in an eight hour workday. (*Id.*) The ALJ determined that Plaintiff needed to change positions from sitting to standing after 45 minutes for a brief period of time and would not have to leave the workspace during the change. (*Id.*) The ALJ determined that Plaintiff could stand or walk a total of two hours in an eight hour workday, but for no more than 45 minutes at a time. (*Id.*) The ALJ determined that Plaintiff could not reach overhead with her right upper extremity. (*Id.*) Fifth, the ALJ determined that Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 332-334.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that the ALJ failed to comply with the AC's remand order and failed to properly assess the medical opinion of Plaintiff's treating source, Bruce Baird, M.D. (Dkt. No. 11 at 10-16 [Pl.'s Mem. of Law].) Second, and lastly, Plaintiff argues that the ALJ's credibility determination was not supported by substantial evidence. (*Id.* at 16-20.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues that the ALJ's RFC determination was supported by substantial evidence. (Dkt. No. 14 at 5-13 [Def.'s Mem. of Law].) Second, and lastly, Defendant argues that the ALJ properly determined Plaintiff's credibility. (*Id.* at 13-18.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §

416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. The ALJ's Compliance with the AC Remand Order

Plaintiff argues the ALJ failed to comply with the AC's remand order to reassess Dr. Baird's opinion. (Dkt. No. 11 at 10-16 [Pl.'s Mem. of Law].) Under 20 C.F.R. § 404.977(b), the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order." Failure to comply with an AC remand order "can form the basis for a remand to the Commissioner." *Cabibi v. Colvin*, 50 F. Supp. 3d 213, 229 (E.D.N.Y. 2014) (citing 42 U.S.C. § 405(g)).

Here, the AC order remanded for the resolution of two issues. (T. 408.) First, the AC stated that the ALJ failed to provide an adequate explanation for her determination that Plaintiff's depression, Reynaud's disease, and shoulder impairment were non-severe. (*Id.*) Second, the AC concluded that the ALJ failed to provide sufficient support for giving Dr. Baird's May 2012 opinion very little weight; specifically, the ALJ stated evidence did not support his findings, but the ALJ failed to specify which

6

evidence did not support his findings. (*Id.*) The AC directed the ALJ on remand to: 1) further evaluate Plaintiff's depression, Reynaud's disease and right shoulder impairment; 2) further consider Plaintiff's maximum RFC "with specific references to evidence of record in support of assessed limitations," evaluate the treating source opinion pursuant to the Regulations, and explain the weight given to such opinions; and 3) to further evaluate Plaintiff's subjective complaints. (T. 408-409.)

Here, the ALJ did not comply with the AC remand order regarding Dr. Baird's opinion. The ALJ's 2015 decision copied verbatim her 2012 discussion of Dr. Baird's opinion. (*Compare* T. 21-23 *with id. at* T. 329-331.) In a similar case from this District, the Court reasoned that "[i]t strains credulity to say that [the ALJ] addressed an issue raised by the Appeals Council by copying wholesale the very discussion of that issue with which the Appeals Council found fault." *Bell v. Colvin*, No. 5:15-CV-01160, 2016 WL 7017395, at *9 (N.D.N.Y. Dec. 1, 2016).

The Defendant argues that failure to comply the AC's remand order was harmless error because the ALJ provided substantial evidence in support of her RFC finding. (Dkt. No. 14 at 10 [Def.'s Mem. of Law].)

"Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson v. Bowen*, 817 F.2d 983 at 986 (2d Cir. 1987). There is a "reasonable basis for doubt" as to whether correct legal principles were applied; therefore, the substantial

evidence standard may not be used to uphold the ALJ's decision.  *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 280 (N.D.N.Y. 2009) (*citing Johnson,* 817 F.2d at 986).

The failure to apply correct legal standards is not grounds for reversal "where application of the correct legal principles to the record could lead to only one conclusion."  *Johnson*, 817 F.2d at 986.  However, that is a much higher bar than the substantial evidence standard.  The court in *Johnson* held that because substantial evidence supported a finding of either disability or no disability, the ALJ's legal error required remand.  *Johnson*, 817 F.2d at 986-987.

Here, the Court is not convinced that the ALJ would have made the same findings if she had adhered to the AC remand order.  The ALJ committed legal error in failing to comply with the AC remand order to reassess Dr. Baird's opinion.  Therefore, remand is recommended so that the ALJ can follow the explicit directions of the AC remand order.

### B.     The ALJ's Credibility Determination

Because remand is recommended for a proper evaluation of Dr. Baird's opinion in accordance with the AC remand order, remand is also recommended for a new credibility determination.

A plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... it is supported by objective medical evidence."  *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992)).  However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record."

*Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

The ALJ must employ a two-step analysis to evaluate the claimant's reported symptoms. *See* 20 C.F.R. § 416.929. First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 416.929(a). Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit the claimant's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to relieve his pain or other symptoms; (5) other treatment the claimant receives or has received to relieve his pain or other symptoms; (6) any measures that the claimant takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to his pain or other symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vii).

Of note, the ALJ stated that Plaintiff "came right out and stated a number of times to treating sources that she was indeed primarily interested in getting on Social Security benefits." (T. 332.)  The ALJ referred to specific notations made in the record. (*Id.*)  On April 30, 2012, a provider noted that Plaintiff was "trying to get disability through the orthopedic surgeon and pain management." (T. 622.)  On November 11, 2014, a provider noted: "patient is [] trying to get SSI through [orthopedics] as well." (T. 661.)  On January 20, 2014, a provider noted that Plaintiff "claims she is disabled because orthopedics thinks that she cannot work at this time." (T. 660.)  Plaintiff's comments to treating providers that she had applied for benefits failed to contain any nuance that Plaintiff's motives were somehow less than sincere as the ALJ speculates.  Because the ALJ failed to properly assess Dr. Baird's opinion, remand is also recommended for a new credibility analysis based on a proper evaluation of the medical opinion evidence in the record.

 **ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that Plaintiff's motion for judgment on the pleadings be **GRANTED** and the Defendant's determination be **DENIED** and the matter be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g) and consistent with this report**..**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health*

*and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 26, 2017

/s/ Bill Carter
William B. Mitchell Carter
U.S. Magistrate Judge